# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TODD JEUDE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-cv-00754-SPM |
| CITY OF BRENTWOOD, MO, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Todd Jeude's Application to Proceed in District Court Without Prepaying Fees and Costs (Doc. 2); Motion to Appoint Counsel (Doc. 3); and Request for 28 U.S.C. § 1915A In Forma Pauperis Review and Service of Summons (Doc. 8). Based on Plaintiff's financial information, the Court grants his application and waives the filing fee. For the following reasons, on initial review, the Court dismisses Plaintiff's claims brought against the City of Brentwood and its employees in their official capacities. The Court also dismisses Plaintiff's claims against Defendants Joseph Spiess, Unknown Second in Command, and Unknown Shift Supervisors brought in their individual capacities. The Court will issue service on Plaintiff's claims as to John and Jane

Doe, the individual officers who allegedly beat and tased him, but holds service in abeyance for 30 days at Plaintiff's request as he identifies these officers.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief may be granted.  To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519,

520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On February 21, 2024, Plaintiff dozed off behind the wheel of his vehicle while sitting at a traffic light next to a Brentwood police cruiser.[1] Plaintiff states that although he dozed off, he "immediately awakened himself and attempted to 'shake his head clear' and 'wake up.'" Doc. 1 at 3. The officers in the cruiser observed Plaintiff's "out of the ordinary and strange actions," and ordered him to

---

[1] At various points in his complaint, Plaintiff states the cruiser was "immediately preceding" his vehicle (Doc. 1 at 3, 14), but also states that he "noticed the patrol vehicle behind him" (*id.* at 14). For purposes of initial review, it is immaterial whether the cruiser was stopped in front or behind Plaintiff's vehicle.

pull his vehicle to the side of the road. *Id.* Plaintiff panicked. He immediately attempted a U-turn and was struck by another vehicle. He continued to flee, leading officers on a "hot pursuit." *Id.* at 6. He sideswiped two additional vehicles, and eventually stopped.

Once stopped, he exited his vehicle and laid face down in a large grassy area. Two Brentwood police officers ran toward him yelling "get down, stay down, and stop resisting," and tased him. Other officers arrived as back up. An officer pressed his knee to the back of Plaintiff's neck, twisted his wrists, and cuffed him. Officers picked him up, and Plaintiff states they slammed him against the side of the patrol vehicle before transporting him to the Brentwood Police Department. *Id.* at 17.

Once in the cruiser, the female officer "made it 100% clear to Jeude" that if he asked for, or accepted, medical assistance they would beat him again. The officers did not want to stay on duty to escort Plaintiff to the hospital. The officers said, "We have no limitation to the use of force if you try to escape. If anyone asks you if you need medical help—you better tell them no or you will truly be sorry." *Id.* at 18.

At the Brentwood Police Department, a supervisor asked Plaintiff if he needed to see a doctor, but Plaintiff declined medical assistance because of the other officers' threats. The same officers that arrested Plaintiff transported him to the St. Louis County Justice Center. They said, "Ya did good there Jeude, first smart thing

-4-

you did all day. When you get to county you can cry about medical all you want." *Id.* at 20. At the Justice Center, Plaintiff sought medical assistance, but the intake officers said he should have requested this from the arresting agency before arriving. Officers at the Justice Center considered him fit for confinement, and held him for the U.S. Marshals.

The federal officers attempted to house Plaintiff in Crawford County, but officials there said that because of his "obvious need for medical attention," their jail was not equipped to handle him. He was then placed in custody at the Pulaski County Detention Center in Illinois, where he immediately sought medical attention. He filed several medical requests for his shoulder pain over the next month. He still experiences some pain in his shoulder.

For relief, Plaintiff seeks more than $275,000 in compensatory damages and "reserves the right to later plead punitive damages." *Id.* at 35. He also seeks a declaration that Defendants' actions were unconstitutional. *Id.* at 37.

## Discussion

The Due Process Clause protects pretrial detainees, including arrestees, from the use of excessive force amounting to punishment. *Webster v. St. Louis Cnty.*, 135 F.4th 614, 617 (8th Cir. 2025); *Kingsley v. Hendrickson*, 576 U.S. 397, 400 (2015); *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in

using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). The Fourteenth Amendment gives state pretrial arrestees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014).

I.  **The City of Brentwood and the Individual Officers in Their Official Capacities**

A local governing body like the City of Brentwood can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff has not alleged the existence of any unconstitutional policy adopted by the City of Brentwood. Although he uses the word "policy" throughout the complaint, he does not cite to any official policy adopted by the City. Rather, he alleges his injuries were by the City of Brentwood's "lenient posture on the occasional use of excessive force in certain situations" and "tacit approval of the

occasional use of force." Doc. 1 at 24, 26. He also alleges the "lack of supervisor presence" or "supervisor recklessness" caused officers to use excessive force during his arrest. According to Plaintiff, "These policies and municipal customs allow overzealous, young officers all jacked up on Red Bull to run amok and play jury, judge and executioner, injuring certain individuals in certain situations . . . ." *Id.* at 25.

Because Plaintiff has not plausibly alleged an unconstitutional official policy, he must plead a plausible case of municipal liability based on a custom. To plausibly allege an unconstitutional custom, a plaintiff must demonstrate: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice of misconduct; and (3) that the custom was the moving force behind the constitutional violation. *See Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013); *see also Khounedaleth v. City of Minneapolis*, 581 F. Supp. 3d 1128, 1134-36 (8th Cir. 2022).

Plaintiff has not plausibly alleged that it is the custom of the City of Brentwood to allow use of excessive force during arrests. He cites only to his own arrest as an example of this alleged custom. But, a court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991); *see also Ulrich v. Pope Cnty.*,

715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Plaintiff points to no other use of excessive force in the City of Brentwood, and has not plausibly alleged a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees. *See Watkins v. City of St. Louis, Mo.*, 102 F.4th 947, 954 (8th Cir. 2024) (finding no unconstitutional custom where plaintiff stated only conclusory allegations supported by the facts of her own arrest); *Khounedaleth*, 581 F. Supp. 3d 1134-35 (finding allegations of unconstitutional custom of selective enforcement of law conclusory where plaintiff alleged no other instances of the alleged misconduct); *Brewington v. Keener*, 902 F.3d 796, 802 (8th Cir. 2018) (finding two prior incidents of excessive force cannot be considered a pattern of widespread or pervasive unconstitutional conduct).

In the absence of an official policy or a custom, a plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir.

2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff has not stated a plausible claim of any pattern of constitutional violations by untrained or unsupervised employees. Nor has he asserted the City had notice that its training procedures were inadequate. Plaintiff's complaint assumes that because Brentwood police officers allegedly used excessive force during his arrest, they must not have been trained or supervised properly. But not every instance of excessive force can establish deliberate indifference by the City. *See Ball-Bey v. Chandler*, 415 F. Supp. 3d 884, 900 (E.D. Mo. 2019). Plaintiff does not allege any factual information regarding BPD's training program or the supervision of its officers. *Id.* ("Without facts about the training [defendants] did or did not receive, [plaintiff] fails to sufficiently plead that a failure to train or supervise caused the constitutional violation."). He does not allege any specific instances or specific examples of inadequate training or supervision that resulted in excessive force. *See Watkins*, 102 F.4th at 954 ("As before, [plaintiff's] allegations are conclusory, and she does not assert specific instances or provide specific examples of inadequate officer training or supervising practices that could support an inference of an unconstitutional policy or custom."). Nor does he allege that any supervisor

had knowledge of officers' uses of excessive force and failed to retrain or supervise them.

Because Plaintiff has not alleged a plausible claim that the City of Brentwood maintained a policy, custom, or failure to train or supervise that led to his alleged constitutional violations, the Court will dismiss the City of Brentwood and any claims brought against its employees in their official capacities.[2]

## II. Individual Capacity Claims Against Defendants Joseph Spiess, Unknown Second in Command, and Unknown Shift Supervisor

Plaintiff also brings claims against Defendants Joseph Spiess, Chief of Police; Unknown Second in Command; and Unknown Shift Supervisor in their individual capacities. He does not allege any of these Defendants were present or directly responsible for the misconduct alleged. In fact, he claims his alleged constitutional violations occurred because these supervisory officials were not present.

Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct

---

[2] In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Because Plaintiff has failed to state a plausible claim against the City of Brentwood, he has failed to state a claim against its employees in their official capacities.

responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). A plaintiff must allege facts connecting the defendant to the challenged action. Conclusory allegations about a defendant's supervisory role do not establish the requisite personal responsibility. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted).

Because Plaintiff does not allege Defendants Joseph Spiess, Unknown Second in Command, or Unknown Shift Supervisor were directly responsible for his alleged deprivation of rights, the Court will dismiss Plaintiff's claims against these Defendants in their individual capacities.

### III.   Defendant Officers John and Jane Doe

*(A)   Excessive Force*

Plaintiff has stated plausible excessive force claims against the individual officers, John and Jane Doe, who arrested him. He alleges he was face down with this arms and legs splayed when he was tased and beaten by these unknown officers. He alleges he was already in handcuffs when the officers continued to assault him. *See Watkins v. City of St. Louis, Mo.*, 102 F.4th 947, 952 (8th Cir. 2024) (finding plausible excessive force claim where plaintiff alleged he was restrained and

nonresistant when individual officers used pepper spray and hit leg with baton). For these reasons, the Court will issue service on John and Jane Doe for Plaintiff's claims of excessive force.

    (B)    *Deliberate Indifference to Serious Medical Needs*

Additionally, Plaintiff has alleged plausible claims against Officers John and Jane Doe for deliberate indifference to his serious medical needs. A pretrial detainee's constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). However, the Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006); *see also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (stating that a pretrial detainee has the same rights to medical care under the due process clause as an inmate has under the Eighth Amendment).

Whether an officer has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cnty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or

she must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

Plaintiff alleges that after he was tased and beaten, his face was red and bruised and he could not open his left eye. He alleges his neck and head hurt badly, and he had injuries to his shoulder, ribs, torso, and back. Although he required medical assistance after his arrest, the arresting officers stated, "If anyone asks you if you need medical help, you better tell them no or you will truly be sorry." Doc. 1 at 18. Plaintiff alleges this caused him to fear for his life if he sought medical attention. *Id.* at 19. He has plausibly alleged the arresting officers were deliberately indifferent to these serious medical needs. For these reasons, the Court will issue service on John and Jane Doe for Plaintiff's claims of deliberate indifference.

### IV. Missouri State Law Claims

Plaintiff alleges state law claims of negligence and personal injury, citing Missouri Revised Statute § 537. The Court has supplemental jurisdiction over Plaintiff's state law claims, and will issue service on these claims as to Defendants John and Jane Doe in their individual capacities.

### Plaintiff's Motion for 28 U.S.C. § 1915A In Forma Pauperis Review and Service of Summons

Plaintiff has filed a motion titled "Pro Se Plaintiff Request for 28 U.S.C. § 1915A In Forma Pauperis Review and Service of Summons." Doc. 8. In his motion, Plaintiff recognizes the Court's problem in serving the unidentified Defendant

Officers John and Jane Doe.  He asks the Court to hold service of summons for 30 days after initial review so that he may identify the Doe Defendants through his police report.  The Court will grant this motion and hold in abeyance the issuance of summons on Defendants John and Jane Doe.  Plaintiff shall submit to the Court within 30 days the identities of these arresting officers.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel.  Doc. 3.  The motion will be denied at this time.  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted.  Plaintiff has demonstrated, at this point, that he can adequately

present his claims to the Court.  Additionally, neither the factual nor the legal issues in this case appear to be complex.  The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **GRANTED**.  Doc. [2]

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.  Doc. [3]

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against the City of Brentwood and its employees in their official capacities are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants Joseph L. Spiess, Chief of Police; Unknown Second in Command; and Unknown Shift Supervisor in their individual capacities are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** the Plaintiff's Request for 28 U.S.C. § 1915A In Forma Pauperis Review and Service of Summons is **GRANTED** to the extent that the Court will hold service of Defendant Officers John and Jane Doe in abeyance for 30 days while Plaintiff obtains a copy of the police report identifying these officers.

**IT IS FURTHER ORDERED** that within 30 days of this Order, Plaintiff shall supplement the complaint by filing a memorandum identifying by name Defendant Officers John and Jane Doe.

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 2nd day of February, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE